UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 25-cr-00094-JRO-MJD |
| | ) | |
| KEYNAN SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by counsel, Thomas E. Wheeler II, United States Attorney, and Kyle M. Sawa, Assistant United States Attorney, and herein submits the following sentencing memorandum. Based on the information set forth below, a sentence of 50 years is appropriate in this case.

## I. Introduction

The foundation of any society is protecting those who are the most vulnerable. From the elderly to our children, it is imperative that society looks out for those who are unable to defend themselves. New technology and apps have exponentially increased the number of threats facing our children. However, while law enforcement continues to fight the uphill battle against online predators who target minors, there remains one place that is much harder for law enforcement to defend: a child's home. Behind those closed doors, it can be difficult to discern what horrors may be hidden. There, a child should feel provided for. There, a child should feel loved. And there, a child should feel safe, particularly from those who seek out minors for their own sexual gratification. These are basic norms.

Defendant violated each of those norms by turning Minor Victim 1's home into his own

depraved playhouse. Defendant repeatedly sexually abused Minor Victim 1 and created dozens of videos and images of Minor Victim 1 engaged in sexually explicit conduct for his twisted pleasure. Defendant took advantage of Minor Victim 1's desire to please him and her willingness to follow his instructions at any cost. And in turn, he exploited her innocence. What should have been a safe haven for Minor Victim 1 turned into the most dangerous place she could be.

Even more galling is that this abhorrent behavior is anything but an aberration in Defendant's life. Defendant – a registered sex offender -- has engaged in a pattern of sexually exploiting and molesting children for decades. And even when the criminal justice system stepped in, his sexual interest and conduct with minors has not ceased.

This Court should not give Defendant another chance to be around a child again. Defendant has yet again directly caused harm to minors, both in newly victimizing his own relative and also revictimizing those whose images he possessed. Defendant put his desires and sexual urges over the safety of those he was supposed to protect. Such crimes are reprehensible and stomach-churning. What Defendant did in this case can never be explained. The only thing left is for the Court to sentence Defendant so that Minor Victim 1 can take comfort in not having to face Defendant for a very long time, allowing her the time and space she needs to heal. Accordingly, a sentence of 50 years is appropriate in this case.

## II. Background Information[1]

The stipulated factual basis and Presentence Report summarize Defendant's offense conduct. The government submits additional facts below that it believes are significant for the

[1] Fishers Detective Greg Loveall will be available at the sentencing hearing for testimony to support these facts and/or for cross examination on any of the information contained herein.

Court's sentencing determination, including texts Defendant had with Minor Victim 1 that are not referenced in the stipulated factual basis or PSR. In addition, listed below are additional examples of sexual contact with minors that Defendant admitted to during his post-Miranda interview.

### a. Texts Between Defendant and Minor Victim 1

Defendant regularly texted with Minor Victim 1. These texts show Defendant encouraging and directing her to make videos and take pictures of herself engaged in sexually explicit conduct. The texts show the innocence of Minor Victim 1 and her willingness to do whatever she can to make Defendant happy. They show Defendant taking advantage of the control he had over Minor Victim 1, leveraging the ability to play games and earn free time in return for making the type of sexual material he desired. At bottom, they show the psychological warfare Defendant performed on a relative who just wanted his acceptance and appreciation.

This includes the following exchange on October 6, 2024:

| | |
|---|---|
| **Defendant** | You recorded a video of yourself setting a new land speed record? |
| **Minor Victim 1** | no |
| **Minor Victim 1** | im js not in the mood |
| **Defendant** | Oh, u recorded the whole thing? Talented lol |
| **Minor Victim 1** | everywheretime im not in mood ok but yea its ok |
| **Minor Victim 1** | wym take talented its ok |
| **Minor Victim 1** | its not |
| **Minor Victim 1** | uh [redacted].. |
| **Defendant** | Oh, okay. Well I have just started lol. What? |
| **Minor Victim 1** | it only has picture |
| **Defendant** | Lol, so it was hard haha. I have faith in u |
| **Minor Victim 1** | ok |
| **Minor Victim 1** | it's ok then |
| **Minor Victim 1** | ? |
| **Defendant** | What's okay? |
| **Minor Victim 1** | well you u said it "I have faith in you' does it mean it? |
| **Defendant** | Oh, I meant that I can figure out how to record an epic close of video of u attempting a world record |
| **Defendant** | I mean you can record, not me. Stupid auto correct |
| **Minor Victim 1** | Ok |

| | |
|---|---|
| **Defendant** | I hope u get it. U deserve it after all the good work u did today |
| **Defendant** | Hellr? |
| **Defendant** | Did u forget about me |
| **Minor Victim 1** | No I was trying and I didn't want to stop to look at your text |
| **Minor Victim 1** | andyway |
| **Defendant** | Sorry! Did u get it? |
| **Minor Victim 1** | um kinda |
| **Minor Victim 1** | though |
| **Minor Victim 1** | like yea |
| **Defendant** | Nice, GJ. Oh, okay. Had to stop to concentrate lol |
| **Minor Victim 1** | cz it was hard to one hand but yea kinda easy |
| **Defendant** | Nice, ty. |
| **Defendant** | Okay I'm gonna keep trying to get this thing done lol |
| **Defendant** | What's up? |
| **Minor Victim 1** | can I plsssss play my game |
| **Defendant** | Lol. Sure, as long as u promise me u will tell me another bedtime story like u did last night mwahahaha. |
| **Minor Victim 1** | YAYYYYYYYYYYYYYY |
| **Minor Victim 1** | ok but . I choose story the what the story is about in night time |
| **Defendant** | Pfft, I hope we're on the same page haha. Okay, have fun. Cya when I get home. And, as long as u make the story last a little longer than 5 seconds, u can stay on as late as u want lol. |
| **Minor Victim 1** | uh what story are u talking abt |
| **Minor Victim 1** | We'll see abt that |
| **Defendant** | Good enough for me |
| **Defendant** | [Minor Victim 1]...I have a serus qustuen. |
| **Defendant** | Heh. I've known you your whole life. And something doesn't sit right with me. Did u record your video in the dark or something? No way I didn't try to cheat somehow lol. |
| **Minor Victim 1** | nope. |
| **Defendant** | I know I wouldn't lie about it, but I also know there is no way you would do it legit haha |
| **Defendant** | If u did, wow and I'm sorry for doubting u |
| **Minor Victim 1** | Well I didn't. Do it kinda I kinda cheated because it I didn't recorded the whole but I only just recordd a just a little bit but I just recordded |
| **Defendant** | Lame, looooossserrr haha. I was gonna tell u to skip through it and make sure it was high quality stuff. But, I guess if u wanna cheat, how could I stop ya? Oh, well. Thanks for playing. |
| **Defendant** | Not like it really mattered anyway, nobody would ever see it, it would be your secret masterpiece. I guess I'ma get back to work. Be home around 3 or 4 ish |
| **Defendant** | No. I let you play your game. I'm just returning the favor to ya. Letting you know how it feels to be loopholed . I only said yes cuz I was proud of you for making the best most high quality movie ever made. |

| | |
|---|---|
| **Defendant** | If you made an actual high quality vid and skipped through it to ensure the best quality and shots were made, you would still be playing. You know me, even though it's just for you, I still expect you to do your best. Good practice |
| **Minor Victim 1** | Im sorry for loopyolded you and I know it was really rude of me and I shouldn't have done it and I could've just made another video but no I had to be so rude and disrespectful I'm sorry I know you were probably so disappointed when I told you it I won't do it again pls forgive me I was being so rude and not considering yourself feelings and it was wrong if me and I know I shouldn't have done it and yea that it I'm sorry thanks for not making me be in a lot of trouble |
| **Defendant** | I'm not upset, I'm still sitting here smiling. You can have a second chance , let's start over |

Then, the following exchange took place on October 8, 2024:

| | |
|---|---|
| **Defendant** | Oh, also, I told you to hurry up and do it right then so I can get work done and I can go to bed. I know u wouldn't ignore me again heh |
| **Minor Victim 1** | Oh ok for ur first text and for the second text I was pooping |
| **Defendant** | Lol |
| **Defendant** | Well, Lemmy know when u begin your mission so I don't bother u |
| **Minor Victim 1** | Ok |
| **Minor Victim 1** | And did u noticed my shirt |
| **Defendant** | U were laying down under a blanket the whole time |
| **Minor Victim 1** | Ok |
| **Defendant** | Oh, wait. Do u mean the cut off sleeves? Yeah, I noticed!! Looks nice. |
| **Defendant** | Wait, that said goodnight. Are u going to bed? |
| **Minor Victim 1** | Yes why |
| **Defendant** | Wow, that was so fast. And u didn't tell me anything about the first 2 vids I said to do and tell me about |
| **Defendant** | U did that 7 pix and 2 vids? |
| **Minor Victim 1** | Oh yea I forgot to do the 2nd video |
| **Minor Victim 1** | The 6 pigs was what I sensed you |
| **Defendant** | Lol, remember what I said about it. All up in dat. |
| **Minor Victim 1** | 6 pics |

| | |
|---|---|
| **Minor Victim 1** | 7 |
| **Minor Victim 1** | I did |
| **Defendant** | Ohh, okay. Yeah I must've been tired when I explained. |
| **Defendant** | It was 2 vids of doing ya thing, then edit them, and then 6 or 7 pix, and pic one to send. The pix were supposed to be all of your [redacted] |
| **Defendant** | From OMGGGG to meh |
| **Defendant** | So u have 1 vid left? Good luck! Don't forget to tell me about it lol |
| **Minor Victim 1** | Ok |
| **Minor Victim 1** | Wait I have to do this in both vids |
| **Minor Victim 1** | ? |
| **Defendant** | Lol, yeah. I'm gonna be using my imagination here, I need all the help I can get |
| **Minor Victim 1** | Ok but how can I do it 2 time |
| **Defendant** | Hmmm, did u get it the first time |
| **Minor Victim 1** | Well the first time I didn't know I had to |
| **Defendant** | I knew I should asked u to write it down |
| **Defendant** | I'm gonna go upstairs and get ready to relax a bit and wait for the good news |
| **Defendant** | Okay, cool. Yeah, the way I explained it was to sit down and prop your phone up and all that detail. So, cool, you got that. GJ lol, you just didn't explain exactly what u did so I'm confused. |
| **Minor Victim 1** | My phone's about to die make it quick |
| **Defendant** | The pix I wanted was to set it up and look at it while I relaxed. For the second video you can pick something. I'm sure when u tell me what it was, it will get me theee |
| **Defendant** | If I get this all out tonight, your my hero and I'll end up owing u haha |
| **Minor Victim 1** | [relative] home |
| **Defendant** | Did you already do it? |
| **Minor Victim 1** | I said I'm not gonna |
| **Defendant** | Oh, okay. |
| **Minor Victim 1** | Ughhhuhhhhhhhhhhh I'm to embarrassing to send this ok I'm shy ok it's ok uh don't mind this I'm to scared ok uh turn ur volume all the way down |

| | |
|---|---|
| | btw cz I kept singing and it's rlly annoying I know but the drink made me feel like autism or smth I couldn't stop making noises not like that and yea uh don't judge me the way I do it it's not my fault and uh yea here it goes |
| **Minor Victim 1** | Don't judge me |
| **Minor Victim 1** | Aaaaaa |
| **Minor Victim 1** | I sent it |
| **Minor Victim 1** | I tricked you |
| **Minor Victim 1** | Uh yea |
| **Minor Victim 1** | It's embarrassing |
| **Minor Victim 1** | Yea here u go |
| **Defendant** | I won't watch it if ur embarrassed by it. Don't worry |
| **Minor Victim 1** | Turn ur volume all the down I kept singing and it was annoying I know |
| **Minor Victim 1** | It's ok |
| **Minor Victim 1** | U can |
| **Minor Victim 1** | I sent it to make you happy and get my prize. |
| **Minor Victim 1** | It's embarrassing uggggggggh dont judge me |
| **Defendant** | Lol, I haven't opened it yet, but it totally looks like your sitting behind a pile of laundry haha. It's a big file, gonna take a while to load |
| **Minor Victim 1** | Ok sorry it's my |
| **Minor Victim 1** | I have to do it again don't i |
| **Defendant** | Oh okay. Well, if you recorded a long video of you sitting behind your pants, and I watch it on mute, u have nothing at all to be embarrassed about |
| **Minor Victim 1** | You aren't satisfied |
| **Minor Victim 1** | I just tried my best to make you happy and your pointing out all the things I did wrong I'm sorry I just tried to make you happy I know you wanted me to send a vid and you said it would make you happy so I sent a vid and I tried my best but no now your not satisfied I spent a lot of courage to send it and record it just to delete it and you never watch it I already tried a lot on the first video I dont want to do it again and what if you dont even enjoy it that would mean Im just wasting my time thinking and making something up in my head rhat ill make you happy but your not satisfied with it |

| | |
|---|---|
| **Defendant** | Aww [Minor Victim 1], you always make me happy! I told you that. I'm sure I'll love it! You are brave. I was asking if it would make u feel better to do a different one. I just don't want you being embarrassed or feeling like I'm not proud of u |
| **Defendant** | Yw lol. I just want you to always do your best and be proud of what you put effort into. If this is your best, then be proud. I'm sure it's great! |
| **Minor Victim 1** | Please just watch it because I don't want to waste something that won't even be watched |
| **Defendant** | I will have to watch it later though, now I'm in worried about your happiness mode haha. I saved it, so u can delete away. I'm deff going to watch it |
| **Defendant** | Just to be clear, you don't have to send another or re do anything. I'm gonna watch it in an hour or so, maybe less. I told you your off restriction for sure, no matter what. Just sending it took a lot of courage. After I watch it, I'll determine where u fall between elbow and $200 lol |
| **Defendant** | You know what? I'm not gonna say it, lol. I don't wanna make u upset or mad or anything. Enjoy your night |
| **Minor Victim 1** | It's bad? |
| **Defendant** | Bad? Nah, way worse than that lol. Don't worry about it bruh, it's not important. U told me u thought it was worth $50, so I'll just slide that much your way. |
| **Defendant** | Im gonna try to do mah thang first, I've been waiting all day for this moment. I'ma just use my imagination and close my eyes in a dark room. |

The following exchange takes place between Defendant and Minor Victim 1 on October 9, 2024:

| | |
|---|---|
| **Minor Victim 1** | Get it? Sweet dreams. |
| **Defendant** | Haha yeah, this is awesome btw. Love the faces. |
| **Minor Victim 1** | Thanks |
| **Defendant** | Making me wait for the doors to open, bwahaha. |
| **Defendant** | I can be patient till the mood is in session. Ty for sending me a huge sumthin sumthin to hold my attention heh |
| **Defendant** | I know u said it doesn't do much for ya, but do u want me to record the explosion and show ya tomorrow? Lol |

These texts took place on October 10, 2024 through October 11, 2024:

| | |
|---|---|
| **Defendant** | I went up stairs to hurry up and order some work stuff from prime day and I almost fell asleep |

| | |
|---|---|
| **Minor Victim 1** | Wow |
| **Defendant** | Ikr. But now I'm sitting in my spank spot so it made me wanna spank something heh |
| **Defendant** | Member how I said if u make that vid for me while dont let me know so I can get work done. I'm taking a break now, so u can Lemmy know |
| **Defendant** | OMG. That looks crazy. I bet that weighs more than your butt |
| **Defendant** | Ur either blind or messing with me. It's okay, ur [redacted] liked the vid too. I'ma watch my new one now. |
| **Defendant** | I just got all flattered and happy when u said u were gonna watch mine while I watched yours. |
| **Defendant** | Then, well, yeah. I'll leave u alone now |
| **Minor Victim 1** | I'm not mad |
| **Defendant** | I am. That was the biggest most impressive explosion of my life, and you're singlehandedly responsible for it lol. And you said u don't even like it or care to watch it. Meh, I'm over it already I guess |
| **Defendant** | Well, I watched it |
| **Minor Victim 1** | I never said Idc to watch it I just said watching guys in general doesn't turn me on so if you wanted me to watch it again I would and I would be proud of you but you basically did say that but I just didn't understand bc I don't have a vid of that in my archive but maybe I'm just blind I'm still rlly proud of u for that so idk where u got the idea that I didn't care cuz I said Idc about boys doing it to themselves like it doesn't turn me on |
| **Minor Victim 1** | What did u make for me |
| **Minor Victim 1** | U made a laundry pile with a dog inside of it on my bed for me |
| **Minor Victim 1** | ? |
| **Defendant** | No, lol. It reminds me of the vid u sent me. It even says find the snoot lol |
| **Defendant** | So crazy, I think ur also the only person that can pull me back from psycho mode so quickly. Now I'm back to laughing and happy hah |
| **Minor Victim 1** | 😊 |
| **Defendant** | Anyhow, about ur movie. I can see why u were so worried. It's cool though, very well made and it has a wonderful soundtrack |
| **Defendant** | I wish u had actual songs so I can put them on my work music mix |
| **Minor Victim 1** | RhAnks |
| **Defendant** | I am fascinated by your hand and finger movements. Your thumbs look like they are playing a fine tuned instrument. Very ambidextrous of u |
| **Minor Victim 1** | Idk what in the world ambudextruosuns means but ty |
| **Defendant** | Use of left and right hands with expert skills |
| **Minor Victim 1** | Ty |
| **Defendant** | Lol! Okay, I'm not gonna beg for a close up premium access video. I will let u get rdy for bed, and I'll get back to work |
| **Defendant** | Besides, I already know what happens when I beg |
| **Defendant** | It's a pink taco |
| **Defendant** | Doh, it said downloading video. U will suffer hah |
| **Minor Victim 1** | Uhh it's not that type of vid don't get ur hopes up I'm sry if u got ur hope up yea it's a silly vid not even joking |

| | |
|---|---|
| **Defendant** | I figured, what do u think I expected u to actually send me a video like that?? Crazy gurl, I know better. Good night hah, love u |

On October 17, 2024, the following exchange took place:

| | |
|---|---|
| **Defendant** | Use a baby wipe or shaving foam |
| **Defendant** | U messed up my spank session, how dare u |
| **Minor Victim 1** | Wait if I wipe it with water it looks good |
| **Minor Victim 1** | Sryyyyyy |
| **Defendant** | I demand payment in the form video assistance hehe |
| **Defendant** | That made it worse.... I'm just gonna try to start over. |
| **Minor Victim 1** | Uh- why did it make it worse I thought me happy made u happy ur not even appreciating that I'm happy and trying.to help you out by showing that I'm happy and on a playful mood to help u get ur thing bc u told me that me being happy makes you happy so yea I'm sorry I made it worse and I was just trying to help and I'm not mad or sad still I'm happy |
| **Minor Victim 1** | Omg I hope that didn't make it even worse |
| **Defendant** | I asked if I was happy and I know it lol. Sounded more like you were taunting me. And yeah, my phone was up pretty loud, had to turn it down. Almost woke [redacted] up. Ty for trying. Im gonna look at my private stuff. |
| **Minor Victim 1** | Oh wait what it's ok wait I'm not laughing at you I why tho I thought u said you were.gonna look up your secretprivate drive secret |
| **Minor Victim 1** | Stuff |
| **Defendant** | Won't work. Too frustrated. Need more gooder stuff in it to over power my annoyance meter lol |
| **Defendant** | Just going to have to wait. I need to get some good BJ videos in it lol. And not delete them this time. And some of them thar record spinning vids. Maybe I'll get'r some next time |

On November 9, 2024, Defendant and Minor Victim 1 exchanged the following texts:

| | |
|---|---|
| **Minor Victim 1** | Idk how long it was |
| **Minor Victim 1** | I already deleted it so it doesn't get hacked or smth |
| **Defendant** | Okay, just wondering. Okay go have fun. I'm already done too heh |

### b. Defendant's History of Conduct with Minors

Defendant has a long history of sexually abusing and exploiting minors. Some of this conduct has been captured in his criminal history and the offense conduct before the Court. This includes the following:

- **March 2000:** Defendant found delinquent at the age of 17 for the juvenile felony of Child Molesting for placing his penis and ejaculating into the mouth of a five-year-old.
- **January 2014:** Defendant charged and later convicted of felonies of Child Molesting and Vicarious Sexual Gratification. Defendant went into the room of a thirteen-year-old relative, put his hand down her pants, and rubbed her vagina with his fingers.
- **December 2024:** Defendant sexually exploited and abused another relative, Minor Victim 1. This is the conduct before the Court which encompasses the photos and videos created of Minor Victim 1. In addition, in a post-Miranda interview, Defendant admitted to the following:
    - He had sexual contact with Minor Victim 1 approximately 10 times within the prior year.
    - He told Minor Victim 1 that when you're an adult you're going to need to learn how to do things and Defendant then made Minor Victim 1 touch him.
    - He stated that Minor Victim 1 touched his penis and performed oral sex on him.
    - He stated he had asked Minor Victim 1 to touch herself, but Minor Victim 1 refused.
    - He stated Minor Victim 1 performed oral sex on three or four occasions.
    - He admitted to ejaculating into the hand of Minor Victim 1 on one occasion and then instructed Minor Victim 1 to taste his semen while Minor Victim 1 was blindfolded.
    - He admitted that he had ejaculated into the mouth of Minor Victim 1 on two occasions.
    - He admitted that he used his phone to record a video of Minor Victim 1 performing oral sex on him twice and then attempted to delete the video later. He stated he had instructed Minor Victim 1 to send him a video of her masturbating, which Minor Victim 1 complied.

Defendant also admitted in this interview to conduct that had not previously been charged. This included the following:

- Defendant stated that when he was 25 years old, he was bathing (but wearing clothing) with a 5-year-old minor female and had an erection. Defendant stated that he pulled his shorts down and told the minor female child to open her mouth while he masturbated and ejaculated on her face.
- Defendant stated that approximately 20 years ago while having sex on a couch with an adult female, and while the adult female's 9- or 10-year-old minor daughter was sleeping near them without wearing any underwear, Defendant reached down and touched the minor female's vagina.

## III. 3553(a) Factors

### a. Nature and Circumstances of the Offense

The offense conduct in this case contains aggravating facts which support a sentence of 50 years. Defendant's conduct with Minor Victim 1 is in and of itself abhorrent and that is only exacerbated when seeing that his conduct not only occurred while he was a registered sex offender, but he also possessed additional child pornography.

#### i. Sexual Exploitation of Minor Victim 1

As noted above, Defendant exploited a minor relative who was under twelve years old and in his care, custody, and control. Defendant repeatedly sexually abused Minor Victim 1, admitting to having sexual contact with her approximately 10 times over a year. This includes multiple times in which Defendant had Minor Victim 1 give him oral sex. Dozens of videos and images were created of Minor Victim 1 engaged in sexually explicit conduct.

Mere seconds of sexual exploitation can cause a lifetime of trauma. Here, there are dozens of images and videos memorializing the worst moments of a child's life, even if she may not have realized it at the time. Minor Victim 1 will no doubt have to wrestle with and reconcile this repugnant conduct for the rest of her life. In the smallest silver lining, there has not been any evidence of distribution of this material across the internet. But the creation alone of this type of material by and at the request of someone a child loves and trusts is the ultimate betrayal.

**ii. Registered Sex Offender**

Defendant will be sentenced to an additional 10 years due to being a registered sex offender when he sexually exploited Minor Victim 1. As discussed throughout this memorandum, this is an extremely aggravating factor as it shows a long pattern of this type of conduct. In fact, this conduct started just before Defendant became a legal adult, with very serious criminal actions that were handled in juvenile court. While that is not the conviction that required Defendant to register as a sex offender, it is even more alarming how long this type of behavior has occurred.

**iii. Possession of Child Pornography**

Lastly, it is easy to overlook the reprehensible conduct related a defendant's collection of child pornography when it is overshadowed by the seriousness of crimes involving an identifiable victim before the Court. Understandably, the Court's primary attention should be focused on the conduct involving Minor Victim 1. But it should not forget the hundreds of images and videos of child pornography that Defendant possessed.

These children were victimized in the first instance by the individual or individuals who sexually abused them and continue to be victimized as their videos and images are shared around the world. This is evident in the victim impact statements that are regularly filed in these types of cases which document the ongoing battles that many go through daily. The devastating harm caused by the possession of child pornography has been long recognized by the Supreme Court and the Seventh Circuit. *See New York v. Ferber*, 458 U.S. 747, 758, n.10 (1982) (noting that a "child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography"); *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) (acknowledging that the consumption of child pornography encourages

its creation, as "the greater the customer demand for child pornography, the more that will be produced"). These voices should not be forgotten in the Court's sentence.

Moreover, this collection shows Defendant's undeniable sexual attraction to minors. Indeed, Defendant's exploitation of Minor Victim 1 was not an aberration. Rather, his collection of child pornography shows his persistent sexual interest in this material. An individual with a clear attraction to minors and a demonstrated willingness to act on that attraction deserves nothing less than a lengthy sentence.

**b. History and Characteristics of Defendant**

Unlike many defendants who have committed similar crimes, Defendant does have prior criminal history as noted above. Although Defendant's prior conviction for Child Molesting and Vicarious Sexual Gratification resulted in increases in penalties and an additional charge under 2260A, his juvenile conviction as a 17-year-old involved even more serious conduct, as he sexually abused a 5-year-old. Despite the extreme gravity of that conduct, Defendant received only "formal probation supervision" and additional treatment in juvenile court, which such supervision ending after just sixteen months. Defendant was given a second chance and failed to take advantage of it, as that incident appears to have been just the first abused minor he left in his wake.

Then, in January 2014, Defendant looked close to home for his next victim, as he sexually abused a relative by putting his hand down her pants and rubbing her vagina. Defendant violated this minor in the sanctity of her own home and bed. Sadly, it only foreshadowed Defendant's conduct in this case. Even more, Defendant admitted to additional sexual conduct involving minors that had not been charged. This involved a five-year-old and

ten-year-old. In sum, Defendant's history is littered with data points showing the danger he presents to minors.

Prior to his criminal conduct, it appears Defendant endured significant trauma growing up. There are allegations of abuse by relatives which no person should ever endure. But these allegations certainly do not excuse or explain Defendant's criminal conduct – current or prior. If anything, Defendant is well aware of how trauma endured as a child may follow a victim through the rest of his or her life. Defendant has brought the same trauma on multiple victims who will also have to come to terms with the harm done to them. It is apparent this abnormal childhood has resulted in gross generalizations about the type of conduct charged in this case, as he remarked to probation that "every man except a few are creepy pedophiles."

Defendant did serve in the military for several years, and he should be commended for serving our country. This includes time being deployed to Bosnia and Iraq. However, that should not be viewed as a significant mitigating factor in this case. *See, e.g., United States v. Arnold*, 263 F. App'x 507, 511 (7th Cir. 2008) (upholding sentence of 240 months as reasonable where defendant claimed it was unreasonable because he served honorably in the military and his PTSD was exacerbated while in Iraq); *United States v. Tanner*, 382 Fed. Appx. 421, 424, 427 (6th Cir. 2010) (district court's 210-month guideline sentence for distribution and receipt of child pornography was procedurally and substantively reasonable despite defendant's reliance on military service and related PTSD). To be sure, it appears Defendant has separate demons he must deal with resulting from his military service, and he needs to find help to deal with those at the Bureau of Prisons. But those demons are no excuse for conduct in this case.

Lastly, Defendant clearly needs mental health treatment to help with what he has encountered over the years. He has PTSD from his military service and admits to his mental

health being a "mess." The government hopes Defendant will take advantage of the opportunities the Bureau of Prisons provides to get the proper counseling and treatment he needs.

**c. Reflect the Seriousness of the Offense**

There is no debate as to the seriousness of the offenses before the Court. Defendant chose to sexually exploit a relative under his care, possessed hundreds of images and videos of child pornography, and committed both offenses while a registered sex offender. No sentence can truly capture the seriousness of these offenses, but a sentence of 50 years reflects the magnitude of the conduct before the Court.

**d. Promote Respect for the Law**

A sentence of 50 years would promote respect for the law in the Indianapolis Division and throughout the Southern District. Such a sentence sends the message that it is not acceptable to sexually exploit those in your home and further victimize those minors who may seem faceless on the internet. It is paramount we protect children from dangers in society, especially when those dangers extend to children in their own home.

Here, a child's life has been irreparably harmed. That cannot be undone. But what the Court can do is give Minor Victim 1 some peace going forward that Defendant will remain in prison for the next several decades. The Court can give Minor Victim 1 the reassurance for at least that time she will never have to look around wondering if Defendant will be present. A lengthy sentence may also give Minor Victim 1 and her family renewed faith in the justice system and the law. A sentence effectively sending Defendant away for most of his remaining life will do just that and, in the process, promote respect for the law.

**e. Provide Just Punishment**

For offenses as serious as those before this Court, a severe sentence is necessary to

provide just punishment. For Defendant's actions, it is just that he spends most of his remaining life in prison. Defendant has robbed a child and her family of the chance to have a normal life, free from ongoing trauma; and her chance to feel safe in her own home. And this is after Defendant had committed similar offenses with other minors, inflicting harm on them as well. Now, Defendant has finally run out of chances. A sentence of 50 years would be just punishment.

**f. Afford Adequate Deterrence and Protect the Public from Further Crimes of Defendant**

A lengthy sentence is needed here not just to deter criminal conduct by Defendant but also to deter similar conduct by individuals contemplating similar behavior. While Defendant may contend that he will likely age out of future criminal behavior, this is unconvincing, as his history has shown a consistent attraction to minors. Defendant previously served time in prison for molesting a child, but that attraction to minors did not cease when he left the prison yard. Defendant was not deterred by that sentence, but he hopefully will be after this one. Defendant must be deterred from ever laying hands on a child again, and the most effective way to do this is to prevent his release into society.

Just as important, the sentence from the Court must send a message to all individuals who are contemplating similar behavior that this is not remotely acceptable and that you will spend most of your life in prison if you choose to repeatedly engage in this type of behavior. Defendant committed unthinkable acts on a relative. That alone should send him to prison for decades. Even more, he did those acts as a registered sex offender while also revictimizing numerous other minors by possessing child pornography. Those currently engaged in or contemplating any of this behavior must receive the message that they will spend most of their lives in prison when they are caught.

Sadly, many of those out there are not hearing that message, as so many repeat offenders like Defendant reappear in the criminal justice system for these crimes. Or, alternatively, the message is not enough to deter their sexual attraction to minors. But if this sentence can deter just one individual from acting on their attraction to minors in the confines of their own home or elsewhere, then this sentence will be a success. A sentence of 50 years has the best chance of doing so.

**g. Avoiding Unwarranted Sentencing Disparities Among Defendants**

In fashioning a sentence, the Court is obligated to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence of 50 years would avoid any unwarranted sentencing disparities among similar defendants for similar offenses. This sentence would be below the guidelines calculated by the Court and thus presumptively reasonable. *See, e.g. United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *U.S. v. Metzger*, Case No. 1:09-cr-188-LJM-KPF, *aff'd*, WL 4628115, 411 Fed.Appx. 1 (7th Cir. 2010).

As detailed below, numerous similarly situated defendants have received significant sentences. The Court should therefore impose a sentence that aligns with the following sentences:

- In ***United States v. Bryan Fish*** (32 y/o), the Honorable District Court Judge Pratt sentenced Fish to **50 years**. In that case, Fish exploited three young children (including one infant/toddler) by taking sexually explicit images and videos of them while they were under his supervision and care. In addition, another victim came forward and stated that Fish was sexually inappropriate with her when she was a minor, although this conduct was not charged. Here, there are fewer contact victims and Minor Victim 1 is older than the victims in Fish, but the level of sexual abuse

is much more aggravating. Moreover, Fish did not have any prior criminal history which is a significant aggravating factor in this case.

- In ***United States v. Darren Ringenberg*** (30 y/o), the Honorable District Court Judge Pratt sentenced Ringenberg to **45 years**. In that case, Ringenberg sought out minors on Snapchat and caused them to send him explicit images and videos. Ringenberg's conduct occurred over a year period. Ringenberg had a prior conviction for Possession of Matter Portraying a Sexual Performance by a Minor and was a registered sex offender at the time of the offense. Here, Defendant's conduct with Minor Victim 1 is much more aggravating in addition to having a more serious prior conviction.
- In ***United States v. Sonny Applegate*** (26 y/o), the Honorable District Court Judge Sweeney sentenced Applegate to **44 years**. In that case, Applegate had a prior conviction for possession of child pornography. He engaged in graphically explicit sexual chat with an 11-year-old and routinely demanded that they create and send him images and videos of themselves engaged in sexually explicit conduct that he directed. Here, Defendant's prior conviction is more aggravating, Minor Victim 1 was in the custody or care of Defendant, and Defendant's conduct with Minor Victim 1 is far more aggravating.
- In ***United States v. Donald Richards*** (32 y/o), the Honorable District Court Judge Hanlon sentenced Richards to **60 years**. In that case, Richards sexually exploited his daughters, ages 3 and 5. This abuse lasted for a period of months, and he shared the images online. Here, Defendant sexually exploited and abused a relative for several months, having dozens of photos and videos created. To date, there is no

evidence that the videos and images of Minor Victim 1 have been distributed or shared online. Defendant here also had an additional collection of child pornography on his devices.

- In ***United States v. Pedro Ibarra*** (47 y/o), the Honorable District Judge Hanlon sentenced Ibarra to **45 years**. In that case, Ibarra was a former Illinois Elementary school teacher who persuaded a 13-year-old to engage in sexually explicit conduct at a local hotel, which Ibarra recorded on his cell phone. Ibarra also engaged in sexually explicit conduct with another victim who was less than 15 years old. Here, Defendant also engaged in sexually explicit conduct with Minor Victim 1, though this case is more aggravating because of Defendant's relationship to Minor Victim 1 and Defendant's criminal history.
- In ***United States v. Ingram*** (43 y/o), the Honorable District Judge Sarah Evans Barker sentenced Ingram to **40 years**. The primary victim was Ingram's 8-year-old adopted daughter, who Ingram took sexually explicit photos of her while she was asleep or not aware he was doing so. Ingram also conspired with another individual to produce sexually explicit images and videos of his daughter. Ingram touched the victim's genitalia and placed his penis on her face, but she was never aware of these acts occurring, nor was there the same type of physical abuse that occurred here. Here, the physical and psychological abuse is far more present against Minor Victim 1. Defendant sexually abused Minor Victim 1 multiple times, and the text messages above provide a glimpse of the psychological games Defendant inflicted on Minor Victim 1.

In sum, this type of conduct has resulted in some of the longest sentences to come through this District. There is no reason to change that trend in this case. To be clear, the government understands that its recommendation of 50 years will result in Defendant likely serving a term of imprisonment into his 80's. But such a sentence is fair and just when comparing Defendant's conduct to other defendants who have been sentenced for similar conduct in this District.

**IV. Conclusion**

If you cannot be safe in your home, it is difficult to think of a place where you can feel safe. Minor Victim 1 may fail to grasp now how Defendant's actions were not the loving actions of a relative. Minor Victim 1 may fail to understand that what she saw as love from Defendant was anything but that. Minor Victim 1's innocent desire to gain Defendant's attention and approval only led her to being manipulated to satisfy Defendant's sexual attraction to minors. Hopefully, in time, Minor Victim 1 will be able to move past the trauma Defendant has caused in her life. And she will become a survivor of Defendant's conduct, not just another one of his victims. But the first step in that journey should be not having to worry for decades about Defendant entering her life again. A sentence of 50 years in prison will provide that reassurance.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By: s/ *Kyle M. Sawa*
Kyle M. Sawa
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204-3048
Tel: (317) 226-6333
E-mail: Kyle.Sawa@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a copy of the foregoing was filed electronically with notice to registered parties.

s/ *Kyle M. Sawa*
By: Kyle M. Sawa
Assistant United States Attorney